IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RORY SIEROCKI,                              )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )   Civil Action No. 17-779
                                            )
NANCY A. BERRYHILL,                         )
COMMISSIONER, SOCIAL SECURITY               )
ADMINISTRATION,                             )
                                            )
                Defendant.                  )


O R D E R


        AND NOW, this 4ᵗʰ day of September, 2018, upon consideration of the parties'

cross motions for summary judgment, the Court, upon review of the Commissioner of Social

Security's final decision, denying Plaintiff's claim for supplemental security income benefits

under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the

Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See

42 U.S.C.§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117

(3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom.,

507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v.

Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing <u>Cotter v. Harris</u>,

642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by failing to properly address and evaluate certain medical evidence of record in making Plaintiff's residual functional capacity ("RFC") assessment.  The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

A claimant's RFC is the most that he can do despite his limitations.  <u>See</u> 20 C.F.R. § 416.945(a).  The determination of a claimant's RFC is solely within the province of the ALJ. <u>See</u> 20 C.F.R. § 416.927(d)(2).  In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations.  <u>See</u> 20 C.F.R. §§ 416.927, 416.929, 416.945.  In this case, after reviewing all the relevant evidence, the ALJ determined that, due to Plaintiff's various impairments, he is capable of a full range of work at all exertional levels, with several specific limitations.  (R. 18).  In reaching his conclusions here regarding Plaintiff's RFC, the ALJ reviewed and engaged in extensive discussion of a great deal of evidence, including the medical evidence of record, the various opinions in the record, and Plaintiff's testimony.  (R. 18-24).

Plaintiff claims, however, that in formulating his RFC, the ALJ failed to address fully and evaluate properly certain medical evidence of record, specifically, a cognitive and psychological evaluation of Plaintiff performed by Lindsey A. Groves, Psy.D. (R. 1331-37).  In that evaluation, Dr. Groves explained that she had administered a number of psychological tests, reported the results, and issued a recommendation regarding follow-up with his therapist and other care providers, future testing if his symptoms persist, and suggestions for academic accommodations if he were to go back to school.  Plaintiff admits that the ALJ detailed Dr. Groves' evaluation results in his decision, and Plaintiff does not assert that the ALJ erred in any way in summarizing the doctor's findings.  Instead, Plaintiff argues that the ALJ should have "assessed" the validity of that evaluation in his discussion of Plaintiff's RFC, and he contends that if limitations based on Dr. Groves' testing in the areas of verbal skills, visual-spatial skills and processing speed had been included in the RFC, an individual with such restrictions "would certainly have difficulty performing and maintaining competitive employment."  (Doc. No. 13, at 11).

Plaintiff specifically complains that "[t]he ALJ took the time to specifically list and explain deficiencies with each of Mr. Sierocki's treating physicians, with Dr. Grove[s] excluded," so it appears to the Court that Plaintiff is essentially arguing that Dr. Groves' evaluation should have been treated as an opinion as to his RFC, rather than as objective medical evidence. (Doc. No. 13, at 10).  First, the Court notes that the ALJ did properly discuss and assign varying degrees of weight to the many opinions that were offered in the record, including opinions from both acceptable medical sources and other sources, and not just those from treating physicians.  In fact, the Court discussed and considered the opinions from a psychological consultative examiner, Plaintiff's therapist, one of Plaintiff's doctors, Plaintiff's

high school speech pathologist, several of Plaintiff's high school teachers, and several state agency psychological consultants.  (R. 21-24).

The Court does not agree, however, that the ALJ erred in failing also to assess Dr. Groves' evaluation in a similar manner by explicitly accepting or rejecting her findings and by assigning her evaluation a certain amount of weight in his analysis.  "Medical opinions" are defined by the Social Security regulations as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 CFR § 416.927(a)(1).  Here, Dr. Groves performed tests of memory, cognition and processing speed and presented the results in her evaluation.  Although she explained that Plaintiff would have impairments generally in visual-spatial skills, verbal skills, and processing speed based on the results of those tests, Dr. Groves did not specifically assess Plaintiff's RFC by opining as to what he could do despite his impairments, nor did she assign him any specific work-related restrictions.

In fact, the only specific accommodations suggested by Dr. Groves relate to Plaintiff's ability to adjust to an academic setting (e.g., the need for extended test times, a quiet testing environment, and modified class assignments), not to Plaintiff's ability to function in a work environment. (R. 1336).  Since Dr. Groves did not exercise her professional judgment to opine specifically as to the limitations Plaintiff would have in adapting to a competitive work environment, she did not clearly provide an opinion regarding Plaintiff's RFC that the ALJ needed to assess as such.  Dr. Groves' evaluation presents a series of medical findings, which the ALJ properly considered in evaluating the opinions provided in the record.  (R. 22-23).  It does not, however, necessarily present a medical opinion specifically concerning Plaintiff's RFC, of the type described in the regulations, obviously requiring an assessment and assignation of weight by the ALJ in his analysis.  See Blakely v. Astrue, No. 10-1700, 2012 WL 995270, at *1 n.1 (W.D. Pa. Mar. 23, 2012) (wherein a doctor's evidence constituted objective findings to be considered and discussed, not medical opinions to be weighed).

Instead, as discussed supra, the ALJ reviewed and thoroughly discussed Dr. Groves' evaluation in his decision, and relied on it in evaluating the opinions presented in the record.  (R. 22-23).  For example, the ALJ explained that he gave greater weight to Plaintiff's learning support teacher regarding her opinion of Plaintiff's memory and concentration difficulties to the extent it was supported by the evidence of record, including the results of his cognitive testing, as done by Dr. Groves.  (R. 22).  The ALJ also relied on Dr. Groves' evaluation to discredit the opinion of another one of Plaintiff's learning support teachers who opined that he had no limitations because that conclusion was inconsistent with the results of cognitive testing, as done by Dr. Groves.  (R. 23).  As Dr. Groves' evaluation was discussed thoroughly and explicitly relied upon in conjunction with the opinions offered by other sources in formulating Plaintiff's RFC, the Court cannot find that the ALJ failed to consider it sufficiently in making his decision.

Moreover, even if the Court were to consider Dr. Groves' evaluation as a medical opinion addressing Plaintiff's RFC rather than as a presentation of objective medical findings, the Court notes that Plaintiff fails to explain exactly which functional limitations in Dr. Groves' evaluation

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No.

14) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf:         Counsel of record

---

should have been properly discussed and included in Plaintiff's RFC, but were not. Plaintiff vaguely states in his brief that the ALJ should have addressed and evaluated Dr. Groves' evaluation, and that including restrictions based upon Dr. Groves' testing would have increased restrictions in various areas of Plaintiff's RFC, but he does not point to any specific work-related functional restrictions contained in that evaluation that the ALJ failed to consider. Because Plaintiff did not point to specific work-related limitations from Dr. Groves' evaluation that the ALJ should have included in Plaintiff's RFC but did not, and because any such missing functional limitations are not otherwise obvious to the Court, Plaintiff's claim lack merit.

Thus, the Court does not agree with Plaintiff's assertion that the ALJ erred in his consideration of the medical evidence in making his RFC assessment. Accordingly, the Court affirms.